UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALLEN OLDCROFT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:12-CV-66-DDN |
| | ) |
| MISSOURI BOARD OF PROBATION | ) |
| AND PAROLE, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Allen Oldcroft (registration no. 337711-044), an inmate at FPS-Memphis,[1] for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $48.38. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[1]When he filed the complaint on January 9, 2012, plaintiff was an inmate at the Farmington Correctional Center, and his prison inmate number was 516332. On February 13, 2012, plaintiff notified the Court of his new address and federal prison number [Doc. #4].

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $241.90, and an average monthly balance of $125.19. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $48.38, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations

in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

### The Complaint

Plaintiff brings this 42 U.S.C. § 1983 action for monetary and injunctive relief against defendants Missouri Board of Probation and Parole ("the Board"); the Board's employees Ellis McSwain, Jr., Margie Bontz, and Matt Strumm; Missouri Department of Corrections ("MDOC") employees Tom Villmer, Sheryl McMillen, Chaunta Godert, George Lombardi, Julie Motley, Heather Wright, Unknown Padilla, and Mariann Atwell; and "Missouri Department of Corrections, Rehabilitative Services."

Plaintiff alleges that he was incarcerated at the Northeast Correctional Center in 2011, serving his sentence for convictions of possession of a controlled substance. Plaintiff states that he went before the Board and was given a conditional release date of June 16, 2011, at which time he was to be released to the Federal Bureau of Prisons to complete a federal sentence. Plaintiff states that prior to his release, and because he had previously been convicted of promoting prostitution in the second degree, the Board revoked his June 16 release date and mandated that he participate in the Missouri Sexual Offender Program ("MOSOP"). Plaintiff complains that he had

4

already served his sentence for promoting prostitution and that, because of the mandate to participate in MOSOP, he was not released on June 16 and he ended up serving the actual length of his sentence. In addition, plaintiff claims that promoting prostitution is not a "sexual assault" crime that requires MOSOP participation under Mo.Rev.Stat. § 589.040. Last, plaintiff summarily asserts that the MDOC "allowed one of the contracted therapist[s] Heather Wright to sexual [sic] harass [him] and has taken no action to correct this unacceptable conduct."

## Discussion

Missouri Revised Statute § 589.040 provides:

> **Duties of department of corrections–certain inmates to participate in programs**
>
> 1. The director of the department of corrections shall develop a program of treatment, education and rehabilitation for all imprisoned offenders who are serving sentences for sexual assault offenses. When developing such programs, the ultimate goal shall be the prevention of future sexual assaults by the participants in such programs, and the director shall utilize those concepts, services, programs, projects, facilities and other resources designed to achieve this goal.
>
> 2. All persons imprisoned by the department of corrections for sexual assault offenses shall be required to successfully complete the programs developed pursuant to subsection 1 of this section.

5

In <u>Depauw v. Luebbers</u>, 285 S.W.3d 805 (Mo.App.E.D. 2009), the Missouri Court of Appeals for the Eastern District was presented with issues substantially similar to those at bar. Specifically, the Court considered (1) whether the MDOC erred in requiring an inmate serving a sentence on a non-sexual offense to participate in MOSOP, where the inmate had also been convicted and sentenced for first degree sexual assault, but had already served that sentence; and (2) whether the Board erred in extending that inmate's conditional release date for failing to participate in MOSOP. In holding that no error had occurred, the Missouri Court explained that "[o]ne of the 'paramount objective[s] of the corrections system is the rehabilitation of those committed to its custody.'" <u>Id.</u> at 807 (quoting <u>Pell v. Procunier</u>, 417 U.S. 815, 823 (1974)). In the furtherance of this objective, the Court noted:

> [The MDOC] is charged with classifying inmates and assigning them to appropriate activities and treatment. Section 217.335. Inmates are required to participate in the activities and rehabilitative programs prescribed by [MDOC]. Section 217.337. [MDOC] has wide discretion in deciding on an inmate's appropriate classification and assignments.

<u>Id.</u> (citation omitted). With regard to § 589.040, the Court further explained:

> While Section 589.040 provides that all inmates currently serving sentences for sexual assault are required to complete the program, the statute does not indicate that *only* those inmates can participate in the program. Nor does the statute suggest, explicitly or implicitly, that [MDOC] cannot require

> someone serving a non-sexual assault sentence to participate in these programs. Simply stated, nothing in Section 589.040 prohibits [MDOC] from utilizing MOSOP programs to fulfill its responsibilities in the classification, treatment, and rehabilitation of inmates serving sentences on non-sexual offenses.

Id. at 807.

Applying the Missouri Court of Appeals' reasoning and holding to the case at bar, the MDOC did not err in requiring plaintiff to participate in MOSOP while he was serving a non-sexual assault sentence. The MDOC is authorized to utilize prison institutional programs, such as MOSOP, in its ongoing efforts to rehabilitate those committed to its custody.

Moreover, the Board did not err in revoking plaintiff's conditional release date, pending his completion of MOSOP. "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979). "[A]n inmate does not have a constitutionally-protected liberty interest in the possibility of parole, and [the United States Court of Appeals for the Eighth Circuit] has held that the Missouri parole statutes 'create no liberty interest' under state law in the parole board's discretionary decisions." Adams v Agniel, 405 F.3d 643, 645 (8th Cir. 2005) (citing Greenholtz, 442 U.S. at 9-11. Although a state's parole statutes and

7

regulations may create a liberty interest that is entitled to protection, Greenholtz, 442 U.S. at 12; Marshall v. Mitchell, 57 F.3d 671, 672 (8th Cir. 1995), the Eighth Circuit has determined that "Missouri statutes . . . do not create a liberty interest protected by the due process clause of the Fourteenth Amendment." Marshall, 57 F.3d at 672; Green v. Black, 755 F.2d 687, 688 (8th Cir. 1985). Furthermore, the Missouri parole policy guidelines are not mandatory. See 14 Mo. C.S.R. 80-2.020(1) (parole guidelines indicate the customary range of time to be served before release for various combinations of offense seriousness, offender characteristics, and sentence length; mitigating or aggravating circumstances may warrant decisions outside the guidelines). As such, the Missouri parole guidelines do not create a constitutionally-protected liberty interest such that plaintiff would be entitled to relief in this action.

As additional grounds for dismissing this action, the Court notes that, to the extent plaintiff's § 1983 claims for monetary relief necessarily constitute a direct challenge to the fact or duration of his present incarceration, they are foreclosed until plaintiff has demonstrated such invalidity through an appropriate avenue. See Heck v. Humphrey, 512 U.S. 477 (1994)(if judgment in favor of prisoner "would necessarily imply the invalidity of his conviction or sentence," complaint must be dismissed unless prisoner demonstrates conviction or sentence has already been invalidated); Shafer v.

Moore, 46 F.3d 43, 45 (8th Cir. 1995) (Heck precluded action that would have implied invalidity of denial of parole and thus was challenge to duration of confinement).

Plaintiff's sexual harassment allegation against Heather Wright is a mere conclusory statement and will not be given an assumption of truth. See Iqbal, 129 S. Ct. at 1950-51.

For these reasons, the Court will dismiss the complaint, without prejudice, under §1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $48.38 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and

fails to state a claim upon which relief can be granted.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this <u>10th</u> day of April, 2012.

                                            /s/ Jean C. Hamilton
                                            UNITED STATES DISTRICT JUDGE